IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. BENNET, JUSTIN                ) | |
| )                                                   | |
| 2. CARNES, GREGORY           ) | |
| )                                                   | |
| 3. CARPENTER, SUSAN          ) | |
| )                                                   | |
| 4. DUGGINS, PATRICK            ) | |
| )                                                   | |
| 5. GERMANO, PATRICIA         ) | |
| )                                                   | |
| 6. HALES, GREGORY              ) | 18-1588 C |
| )                                                   | CASE NO. _____ |
| 7. HEARN, JOHN                     ) | |
| )                                                   | |
| 8. HOVECAMP, BRIAN            ) | |
| )                                                   | |
| 9. IGNACIO, SARAH                ) | |
| )                                                   | |
| 10.. JEFFRIES, L'TANYA         ) | |
| )                                                   | |
| 11. KORNBLUM, DANIEL         ) | |
| )                                                   | |
| 12. MCPHEETERS, BRUCE     ) | |
| )                                                   | |
| 13. MILLER, SHANNA             ) | |
| )                                                   | |
| 14. MINGES, GEORGE           ) | |
| )                                                   | |
| 15. OSTBLOOM, MARK           ) | |
| )                                                   | |
| 16. SHUTT, PATRICK              ) | |
| )                                                   | |
| 17. SMITH, STEVEN                ) | |
| )                                                   | |
| )                                                   | |
| Plaintiffs,                     ) | |
| )                                                   | |
| v.                         ) | |
| )                                                   | |
| THE UNITED STATES,             ) | |
| Defendant.             ) | |

## **COMPLAINT**

1. The plaintiffs are employees of the defendant United States Government employed by the U.S. Army Corps of Engineers ("USACE") in the Louisville District. Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 1491, 2201 and 2202, 5 U.S.C. Section 5596, and the overtime provisions of Title 5 of the U.S. Code, 5 U.S.C. §§ 5541, et. seq., to remedy the defendant's willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1331, 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

## PARTIES

3. Plaintiff Justin Bennet, a resident of Louisville, Kentucky is employed as a GS-11-1102 Contract Specialist by the USACE in the Louisville District and has given his written consent to be party plaintiff in this action pursuant to 29 U.S.C. Section 216(b). Such written consent is appended to this complaint. This plaintiff's written consent forms set forth his name, home address, and employing agency.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant employed in Contract Specialists, Construction Representatives, Safety Specialists, Program Analysts, as well as other related positions and capacities at USACE Louisville District and they have given their written consent to be party plaintiffs in this action

pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to this complaint. These written consent forms set forth each plaintiff's name, home address, and employing agency.

5. The plaintiffs in this action are "employees" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d). Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 CFR § 551.501, provides that federal agency employers such as the USACE, shall compensate their employees at a rate of not less than one and one-half times the employees' regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in a work week. At all times material herein, the plaintiffs and other employees similarly situated have been entitled to FLSA overtime pay for all hours of work in excess of 8 in a day and/or 40 in a work week.

8. At all times material herein, the plaintiffs have worked at the in the Contract Specialists, Construction Representatives, and/or other related positions and capacities at

USACE Louisville District.  At all times material herein, while working in this position the plaintiffs have worked hours in excess of forty (40) hours per week and/or eight (8) hours a day.

9.  During the time the plaintiffs have worked in excess of forty (40) hours per week and/or eight (8) hours a day, defendant United States has failed and refused to provide the plaintiffs with the rights and protections provided under the FLSA, including overtime at a rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked in excess of the hourly standards set forth in 29 U.S.C. §207 and 5 CFR § 551.501.

10.  By failing and refusing to pay the plaintiffs and other employees similarly situated the overtime pay required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA.  As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

11.  As a result of the defendant's willful and purposeful violations of the FLSA and Title 5, there have become due and owing to the plaintiffs various amounts that have not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to him.  Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amounts of defendant's liability can be ascertained.

12. Pursuant to 29 U.S.C. § 216(b), the plaintiffs are entitled to recover liquidated damages in an amount equal to his back pay damages for the defendant's failure to pay overtime compensation.

13. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, the plaintiffs are entitled to recover interest on his back pay damages for the defendant's failure to pay him overtime compensation.

14. The Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived the plaintiffs of their rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award the plaintiffs monetary liquidated damages equal to his unpaid compensation, plus interest;

(d) Award the plaintiffs reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: October 12, 2018

_____

David Ricksecker
WOODLEY & McGILLIVARY LLP
1125 15th Street, N.W.
Suite 400
Washington, D.C.  20005
(202) 833-8855

Counsel of Record


Gregory K. McGillivary
WOODLEY & MCGILLIVARY LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, D.C.  20005
Phone (202) 833-8855
Facsimile (202) 452-1090
gkm@wmlaborlaw.com

Of Counsel